IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CYNTHIA A. BERRY     PLAINTIFF

V.     NO. 11-5218

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Cynthia A. Berry, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.  Procedural Background:**

Plaintiff protectively filed her application for DIB on May 29, 2009, alleging an inability to work since December 17, 2008, due to degenerative disc disease, deafness, inflamed 5th cranial nerve, and depression. (Tr. 124, 140). An administrative hearing was held on July 9, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 27-46).

By written decision dated November 1, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease, chronic obstructive pulmonary disease, mild hearing impairment, migraine headaches, and depression/anxiety. (Tr. 14). However, after reviewing all of the

evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a). She can occasionally lift/carry items weighing up to 10 pounds and frequently less. She can sit for 6 hours and can stand/walk for 2 hours out of an 8-hour workday. She can occasionally climb, balance, crawl, kneel, stoop, crouch, and work overhead. She can frequently handle and finger. She can do work where interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote, with few variables and little judgment required. The work should be where the supervision required is simple, direct, and concrete. She must avoid concentrated exposure to pulmonary irritants and temperature extremes. She cannot do work requiring excellent hearing but can avoid normal workplace hazards.

(Tr. 16). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could not perform her past relevant work, but would be able to perform such jobs as machine tender, assembler, and inspector. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 12, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

AO72A
(Rev. 8/82)

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

AO72A
(Rev. 8/82)

gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

The Court is troubled by the fact that although the ALJ found that one of the severe impairments from which Plaintiff suffered was depression, he failed to obtain any consultative Mental Residual Functional Capacity Assessment or Psychiatric Report Technique Form (PRT). Plaintiff argues that this omission resulted in the ALJ's failure to fully develop the record. Defendant argues that he was not required to procure additional examinations regarding Plaintiff's alleged mental impairments because the evidence of record provided sufficient information for the ALJ to make an informed decision. (Doc. 9 at p. 14). Only recently the Eighth Circuit entered a decision in Cuthrell v. Astrue, 2013 WL 105461 (No. 12-2329, 8th Cir. Jan. 10, 2013), wherein it discussed when a PRT is necessary. In Cuthrell, the ALJ found that Plaintiff had two severe impairments - a history of injury to the right leg and a closed head injury. Id. at *1. The Court stated:

> An additional "special technique" (the PRT) is required in evaluating "mental impairments." 20 C.F.R. §§ 404.1520(a); 416.920a(a). When mental impairments are present, the PRT is mandatory. Id. ([W]hen we

AO72A
(Rev. 8/82)

> evaluate the severity of mental impairments ... we must follow a special technique at each level in the administrative review process."); Nicola v. Astrue, 480 F.3d 885, 887 (8th Cir. 2007). The PRT must be documented in the ALJ's written decision, including the findings and conclusions based on the PRT. §§ 404.1520a(e)(4); 416.920a(e)(4).

Id. at *2.

The Court held that the duty to perform the PRT is triggered in step two, when the ALJ found a severe mental impairment, and that it was error when the ALJ did not complete any part of the PRT. Id. at *3. The Court also addressed whether this omission was harmless error:

> Although failure to complete the PRT may itself be reversible error, this court has left the door open to harmless-error analysis. This court has found harmless error where there is no credible evidence of a severe mental impairment. Here, the ALJ specifically found that Cuthrell has the severe impairment of a closed-head injury, with symptoms that are (as discussed) mental in nature. Given that finding, the ALJ's failure to complete the PRT is not harmless.

Id. at *4 (citations omitted).

In this case, although on July 16, 2010, Plaintiff's anxiety disorder was noted to be well controlled on medications, no such diagnosis was given with regard to Plaintiff's treating physician's assessment of mood disorder. (Tr. 591). This, coupled with the fact that the ALJ found that Plaintiff's depression/anxiety was a severe impairment, leads the Court to conclude that it was error for the ALJ not to obtain a completed Psychiatric Review Technique form, in light of the ruling in Cuthrell.

Based upon the foregoing, the Court finds it appropriate to remand this matter for the ALJ to obtain a Mental RFC Assessment and Psychiatric Review Technique from a mental health expert. Once received, the ALJ should then re-evaluate Plaintiff's RFC.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 15th day of January, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE